420 So.2d 491 (1982)
Stephen REBOUL
v.
DEPARTMENT OF POLICE.
No. 13024.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1982.
*493 Sidney M. Bach, Bach & Wasserman, New Orleans, for plaintiff/appellee.
Charles J. Willoughby, Asst. City Atty., New Orleans, for defendant/appellant.
Ralph D. Dwyer, Jr., New Orleans, for Civil Service Com'n, the City of New Orleans, applicants for amicus curiae.
LOBRANO, Judge.
On June 9, 1981, Officer Stephen V. Reboul of the New Orleans Police Department received a letter from the Superintendent of Police, Henry Morris, advising Reboul to appear on June 10, 1981 for a disciplinary hearing in regard to various matters outlined in said letter. (See Appendix 1, letter of June 9, 1981.) Officer Reboul appeared as instructed, and on June 11, 1981 was dismissed from the department by letter dated the same date over the signature of Superintendent Morris. (See Appendix 2, letter of June 11, 1981.) Officer Reboul appealed his dismissal to the Civil Service Commission who referred same to a hearing examiner pursuant to Article X, Section 12 of the Louisiana Constitution of 1974. Finding that the City, as the appointing authority, failed to carry the burden of proof as to the charges leveled against Reboul, the Commission, through three members, unanimously reversed his dismissal and ordered that he be reinstated. The City has appealed the Commission's findings raising two issues. First the City claims that the procedure utilized by the Civil Service Commission is unconstitutional and violates Civil Service Rules, as well as the Revised Statutes. Second the City claims the Commission erred in finding no legal cause for dismissing Officer Reboul. We shall address the constitutional issue first.
Article 10, Section 4(A) of the Louisiana Constitution provides:
"A city civil service commission shall exist in each city having a population exceeding four hundred thousand. The domicile of each commission shall be in the city it serves. Each commission shall be composed of five members, who are electors of the city, three of whom shall constitute a quorum. The members shall serve overlapping terms of six years as hereinafter provided."
Furthermore, it is provided in Article 10, Section 12 that the commission shall have the "exclusive power and authority to hear and decide all removal and disciplinary cases..." These constitutional provisions are supplemented by the Civil Service Rules, particularly Civil Service Rule II, Section 3.5 which provides:
"Three members of the Commission shall constitute a quorum for the transaction of business and appeals. The findings of a majority of such quorum shall control."
Appellant argues that from a reading of the above cited Constitutional provisions, and civil service rules, it is "implicit" that the rendering of a decision must be done only after review by the entire five member panel. The City argues that the use of the words "quorum" and "control" are suggestive of this interpretation, and that any rule which limits the number of commissioners is violative of the Constitution. This is simply not so. The language of the Constitution is clear that three members are sufficient to act on behalf of the Commission, and that the Commission is empowered to hear all appeals. It is quite evident that the Civil Service Rules were drawn in conformity with these Constitutional provisions. We therefore refuse to read something into the language of the applicable law that just isn't there. Since the procedure utilized by the Civil Service Commission in this case is not violative of any constitutional provision, or statute, we now consider the merits of this matter.
The following doctrine has been well established by our courts in changing or modifying the disciplinary action of the appointing authority.

*494 "The legal basis for any change in a disciplinary action can only be that sufficient cause for the action was not shown by the appointing authority. The protection of civil service employees is only against firing (or other discipline) without cause. This protection arises from La. Const. Art. 10, Sec. 8(A); ..." Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir. 1978) at 1222; See also, Chandler v. Department of Streets, 394 So.2d 812 (La.App. 4th Cir. 1981); Bouterie v. Department of Fire, 410 So.2d 340 (La.App. 4th Cir. 1982);
Legal cause has been defined by our Supreme Court in Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962) at p. 9 as follows:
"Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service."
Furthermore, the burden of proving legal cause before the Commission shall be on the appointing authority. La. Const. Art. 10, Sec. 8(A). See also, Joseph v. Department of Health, 389 So.2d 739 (La.App. 4th Cir. 1980). Our standard of appellate review in civil service cases is the same as that which exists in judicial review. We must determine if the Commission's finding is arbitrary and capricious or is manifestly wrong. McGee v. Sewerage and Water Board of New Orleans, 396 So.2d 430 (La.App. 4th Cir. 1981). The Constitution provides for review of both law and facts, and we are to give great weight to the factual conclusions of the trier of fact. La.Const. Art. 10, Sec. 12; Hebert v. Department of Police, 362 So.2d 1190 (La.App. 4th Cir. 1978); Dumez v. Houma Municipal Fire and Police Civil Service, 408 So.2d 403 (La.App. 1st Cir. 1981).
The findings and conclusions of the Civil Service Commission in this case are well articulated, and satisfy this Court that its ruling is correct. Appellee, Reboul, was dismissed by the aforementioned letter of June 11, 1981.[1] That letter lists a number of incidents dating from 1974 thru 1980 which purportedly form the basis of the Superintendent's actions. Those incidents include five civil lawsuits in which Reboul was a party defendant, along with the City of New Orleans, and others. A close reading of the subject dismissal letter indicates that as a result of the various incidents listed therein, Reboul was found to violate Rule 4, paragraph 4, subparagraph (a) of the Department's rules and regulations which provide as follows:
"Rule 4, Performance of Duty
4. Neglect of Duty
a. Each member, because of his grade and assignment, is required to perform certain duties and assume certain responsibilities. A member's failure to properly function in either or both of these areas constitutes a neglect of duty."
The letter also states:
"The number and similarity of complaints lodged against you tends to indicate an inability on your part to effectively deal with the public in a satisfactory manner. Moreover, the notoriety which has accrued to you through your past actions has rendered your ability to function within the department ineffective at best..."
A careful review of the testimony adduced at the hearing clearly shows that it was not the intention of the City to prove the allegations or factual circumstances surrounding each and every incident listed in the dismissal letter. During the hearing before the Commission the City Attorney stated that the City is not alleging the officer necessarily in each and every instance performed some act of misconduct, but that all of the incidents taken as a whole are viewed or perceived by the members of the community in a certain way so that this officer was unable to effectively perform as a police officer. It is clear that the City did not intend to get into the *495 specifics of each and every complaint. In this regard we agree with the findings of the Commission that the City not only failed to carry its burden of proving any of the incidents listed, but failed to show any misconduct or neglect of duty sufficient to sustain appellee's dismissal. The testimony of Chief Morris shows clearly that he was unaware of the various incidents listed in his letter until it was brought to his attention by the City Attorney, apparently because of the notoriety received by Officer Reboul in the unfortunate occurrence in Algiers. He was vaguely familiar with appellee's past conduct record, and could only testify that the officer was cleared by the internal investigation within the department of any wrong doings in the civil suits.
We are not unmindful of the obligation of the Civil Service Commission to uphold the disciplinary action of the appointing authority when there is sufficient cause shown to sustain such action. Joseph v. Department of Health, 389 So.2d 739 (La.App. 4th 1980). The Superintendent of Police is charged with the operation of his department, and he is the one who must run the department to the best of his ability, and be answerable for its actions. Included in his duties is the discretion to take disciplinary action when there exists sufficient cause for same. However, he has the burden of proving such cause. The question before us therefore is whether or not the evidence in the record supports the appointing authority's action by a preponderance. See, Arnold v. N.O. Police Department, 383 So.2d 810, (La.App. 4th 1980). We agree completely with the Civil Service Commission that the burden was not carried out.
We also feel compelled to address the issue which underlies throughout these proceedings, and that is the question of notoriety as a cause of dismissal. As so aptly put by the Commission:
"Prior to the unfortunate occurrance (sic) in Algiers, he (Reboul) was not notorious. Yet he is notorious now and the City wants to dismiss him, if not for this, then for something it refuses to put in writing."
There can be no question that a pattern of conduct which is detrimental to the continued efficient operation of a public office can be grounds for dismissal. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962). Repeated improper conduct after lesser disciplinary action has been taken, the totality of individual lesser offenses or a single severe incident have all been found to constitute legal cause for dismissal. See Ryder v. Department of Health and Human Resources, 400 So.2d 1123 (La.App. 1st Cir. 1981), and the cases cited therein at p. 1126. It is only logical that the pattern of conduct must be proved by the appointing authority. We find no such proof in the record before us. The Supreme Court pointed out in Leggett, supra, 140 So.2d at 9, 10.
"... there must be a real and substantial relation between the conduct of the employee and the efficient operation of the public service; otherwise legal cause is not present, and any disciplinary action by the commission is arbitrary and capricious."
Complaints, publicity and gossip in themselves do not constitute legal cause for discharge. Notoriety is something a police officer, or any public employee, or official for that matter cannot control. There must be more shown than mere notoriety, for that in itself proves nothing. We note that there is no evidence in the record that Reboul was "notorious", other than the statements of the Superintendent. It should also be pointed out that notoriety, although implying negative reactions, can also be regarded from the positive view. The record contains various letters of commendation from public officials praising Officer Reboul's work. This certainly can also be described as "notoriety".
Dismissal is the most severe of disciplinary actions that can be taken by the appointing authority. The appointing authority must not only prove the cumulated charges or "incidents", but must prove that they resulted in a detrimental effect on the efficient operation of the department. Adverse publicity coupled with unproven allegations *496 or incidents are not sufficient to warrant dismissal.
We conclude, as we must, that the Civil Service Commission's ruling was correct. The City failed to prove sufficient cause for Reboul's dismissal. It's allegations of appellant's inability to perform effectively are not supported by the record, and the allegations of notoriety as being detrimental to the department are just not supported by the evidence. Simply put, if the City had reasons to fire Reboul they did not prove it. Accordingly the judgment of the Civil Service Commission is affirmed.
AFFIRMED.

APPENDIX 1

June 9, 1981
Police Officer Stephen V. Reboul Social Security # XXX-XX-XXXX 6263 Colbert Street New Orleans, Louisiana 70124
It has come to my attention that you have been the subject of a long series of investigations prompted by complaints of police misconduct, particularly the excessive use of force. These cases have arisen administratively and judicially over a period of years, some of which are continuing presently. The following reflects an individual listing of investigations by the departmental Internal Affairs Division. This listing is not all inclusive as it has been brought to my attention that other acts of misconduct on your part have been handled at a Unit level.
This history encompasses the time period from your date of appointment as a police recruit, January 9, 1974, to the present.
1. 1974discharging fireworks
2. 1975I.A.D. # 75-278 complaint of brutality, discourtesy and police brutality from Craig A. Courtney
3. 1975I.A.D. # 75-280 complaint of brutality, discourtesy and obscene language from Andrew L. Brown
4. 1976I.A.D. # 75-64 complaint of brutality from Henry S. McGoey
5. 1976abuse of sick time
6. 1976I.A.D. # 76-318 complaint of unnecessary use of force by Colleen Moody
7. 1977use of sick leave privileges
8. 1978I.A.D. # 78-9 AIS you were investigated for discharging your weapon at an unknown subject
9. 1978I.A.D. # 78-200 (I) illegally entering the residence of Loretta Barnes
10. 1978I.A.D. # 78-291 complaint of police brutality by Arties Manning and Jake Winston
11. 1978missing Municipal Court, Section D, on November 10, 1978
12. 1978I.A.D. # 78-361 (C) accusation of theft by Eddie Caston, Jr.
13. 1979I.A.D. # 79-3 you were investigated for discharging your weapon
14. 1979I.A.D. # ASI 79-7 you were investigated for the discharge of your weapon and the death of Robert L. Taylor
15. 1979I.A.D. # 79-275 (C) complaint of brutality from Melvin Foster
16. 1980I.A.D. # 80-152 (I) complaint of unnecessary use of force from Jimmy Johnson Shukree Chajua and Abraha Chajua
In addition to the above internal proceedings, your conduct as a police officer has resulted in the filing of a number of lawsuits against the City of New Orleans, the New Orleans Police Department and you individually, to-wit:
(1) Cheryl Cheatham, et al, versus the City of New Orleans, et al, case # 592-798 on the docket of the Civil District Court for the Parish of Orleans (CDC)
(2) Jake Winston versus the City of New Orleans, et al, case # 79-2288, United States District Court for the Eastern District of Louisiana (USDC)
(3) Curtis Smith versus the City of New Orleans, Steve Reboul, et al, case # 79-17783 on the docket of the Civil *497 District Court for the Parish of Orleans (CDC)
(4) Samuel Fant, Provisional Curator of Willie Fant, Jr. versus the City of New Orleans, Stephen Reboul, et al, case # 80-7082, Civil District Court for the Parish of Orleans (CDC)
(5) Esther Allen, et al, versus the City of New Orleans, et al, case # 80-15672, Civil District Court for the Parish of Orleans
As a result of several of the aforementioned legal proceedings, the City of New Orleans has been required to pay amounts totaling Eight Hundred Fourteen Thousand ($814,000) Dollars to the respective litigants. (Cheatham$800,000.00; Winston $12,500.00; and Allen$1,500.00)
Additionally, it is my understanding, you are the focal point of further pending litigation, filed and unfiled. Considering all of the aforementioned incidents, the cash settlements exacted and the possibility of yet future actions, this Department is placed in an untenable position.
The number and similarity of complaints lodged against you tends to indicate an inability on your part to effectively deal with the public in a satisfactory manner.
Additionally, your misconduct in other aspects, i.e., sick leave abuse, missing court, departmental vehicle accidents and other miscellaneous incidents reflects a total disregard for the Rules and Regulations of this Department.
Moreover, the notoriety which has accrued to you through your past actions has rendered your ability to function within the Department ineffective at best, as you cannot be assigned to street duty in that any questionable action you might take would draw negative criticism and acute scrutiny, regardless of the circumstances surrounding the incident.
A disciplinary hearing, in regard to this matter, may determine you are in violation of the following Rules and/or Regulations of this Department.
RULE 4, PARAGRAPH 4, SUBPARAGRAPH A, Relative to Neglect of Duty
a. Each member, because of his grade and assignment, is required to perform certain duties and assume certain responsibilities. A member's failure to properly function in either or both of these areas constitutes a neglect of duty.
Moreover, your conduct may also be in violation of Rule IX of the Civil Service Rules for the City of New Orleans, relative to the maintaining of standards of service, in that you are either, "unwilling or unable to perform the duties of your position in a satisfactory manner."
You are hereby instructed to appear in my office in the uniform of the day or coat and tie on June 10, 1981 at 12:00 P.M. for a disciplinary hearing in regard to this matter. At that hearing, you will be afforded an opportunity to present any mitigating circumstances or explanations you may have to offer.
 s) Henry M. Morris
 HENRY M. MORRIS
 Superintendent of Police
HMM/KB/gf

APPENDIX 2

June 11, 1981
Police Officer Stephen V. Reboul SSN 437 74 7593 6263 Colbert Street New Orleans, LA
Dear Officer Reboul:
An administrative report documenting violations of Departmental Rules and/or Procedures, has been conducted by my office for the determination of disciplinary action. You were served with a copy of the Charge letter specifically detailing these allegations by Deputy Chief David Kent on June 9, 1981. As a result of this inquiry you have been found to have violated Departmental Rules and/or Procedures as set forth below:
This history encompasses the time period from your date of appointment as a police recruit, January 9, 1974, to the present.
1. 1974discharging fireworks

*498 2. 1975I.A.D. # 75-278 complaint of brutality, discourtesy and police brutality from Craig A. Courtney
3. 1975I.A.D. # 75-280 complaint of brutality, discourtesy and obscene language from Andrew L. Brown
4. 1976I.A.D. # 76-64 complaint of brutality from Henry S. McGoey
5. 1976abuse of sick time
6. 1976I.A.D. # 76-318 complaint of unnecessary use of force by Colleen Moody
7. 1977use of sick leave privileges
8. 1978I.A.D. # 78-9 ASI you were investigated for discharging your weapon at an unknown subject
9. 1978I.A.D. # 78-200(I) illegally entering the residence of Loretta Barnes
10. 1978I.A.D. # 78-291 complaint of police brutality by Arties Manning and Jake Winston
11. 1978missing Municipal Court, Section D, on November 10, 1978
12. 1978I.A.D. # 78-361(C) accusation of theft by Eddie Caston, Jr.
13. 1979I.A.D. # 79-3 you were investigated for discharging your weapon
14. 1979I.A.D. # ASI 79-7 you were investigated for the discharge of your weapon and the death of Robert L. Taylor
15. 1979I.A.D. # 79-275(C) complaint of brutality from Melvin Foster
16. 1980I.A.D. # 80-152(I) complaint of unnecessary use of force from Jimmy Johnson, Shukree Chajua and Abraha Chajua
Furthermore, a review of your departmental personnel record indicates the following unit disciplinary actions:
 April 2, 1974 DM-3
 April 4, 1974 DM-3
 April 9, 1974 DM-3
 May 8, 1974 DM-3
 May 13, 1974 DM-3
 May 24, 1974 Letter of reprimand
 December 6, 1974 Counseled on sick abuse
 December 10,1974 Letter of reprimand for
 driving habits
 February 7, 1975 Letter of reprimand for
 driving habits
 July 14, 1976 Letter of reprimand for
 driving habits
 July 27, 1976 Letter of caution on sick
 abuse
 August 9, 1976 Letter of reprimand on sick
 abuse
 December 21, 1977 Letter of reprimand on sick
 abuse
Additionally, your payroll records indicate that during 1978 you used eighteen (18) sick days; during 1979 you used eleven (11) sick days; and during 1980 you again used eighteen (18) sick days. All the aforementioned facts tend to support your violation of Rule 4., paragraph 4., subparagraph a., relative to Neglect of Duty.
In addition to the above internal proceedings, your conduct as a police officer has resulted in the filing of a number of lawsuits against the City of New Orleans, the New Orleans Police Department and you individually, to-wit:
(1) Cheryl Cheatham, et al, versus the City of New Orleans, et al, case # 592-798 on the docket of the Civil District Court for the Parish of Orleans (CDC)
(2) Jake Winston versus the City of New Orleans, et al, case # 79-2288, United States District Court for the Eastern District of Louisiana (USDC)
(3) Curtis Smith versus the City of New Orleans, Steve Reboul, et al, case # 79-17783 on the docket of the Civil District Court for the Parish of Orleans (CDC)
(4) Samuel Fant, Provisional Curator of Willie Fant, Jr. versus the City of New Orleans, Stephen Reboul, et al, case # 80-7082, Civil District Court for the Parish of Orleans (CDC)
(5) Esther Allen, et al, versus the City of New Orleans, et al, case # 80-15672, Civil District Court for the Parish of Orleans
As a result of several of the aforementioned legal proceedings, the City of New Orleans has been obligated to pay amounts totalling Eight Hundred Fourteen Thousand ($814,000) Dollars to the respective litigants. (Cheatham$800,000; Winston$12,500; and Allen$1,500) *499 Additionally, it is my understanding, you are the focal point of further pending litigation, filed and unfiled. Considering all of the aforementioned incidents, the cash settlements exacted and the possibility of yet future actions, this Department is placed in an untenable position.
The number and similarity of complaints lodged against you tends to indicate an inability on your part to effectively deal with the public in a satisfactory manner.
Moreover, the notoriety which has accrued to you through your past actions has rendered your ability to function within the Department ineffective at best, as you cannot be assigned to street duty in that any questionable action you might take would draw negative criticism and acute scrutiny, regardless of the circumstances surrounding the incident.
Your conduct, therefore, as outlined above constitutes violations of Rule 4., paragraph 4., subparagraph a., relative to Neglect of Duty. This Rule reads as follows:
RULE 4. PERFORMANCE OF DUTY
4. NEGLECT OF DUTY
a. Each member, because of his grade and assignment, is required to perform certain duties and assume certain responsibilities. A member's failure to properly function in either or both of these areas constitutes a neglect of duty.
In particular, and most importantly, your conduct is contrary to the standards of service as prescribed by Rule IX, Section 1., paragraph 1.1 of the Rules of the Civil Service Commission for the City of New Orleans in that as previously noted, the number and similarity of complaints lodged against you indicates an inability on your part to effectively deal with the public in a satisfactory manner, and thusly, you are unable to perform the duties of a police officer. This Rule states as follows:

RULE IX

DISCIPLINARY ACTIONS
Section 1. MAINTAINING STANDARDS OF SERVICE:
1.1 When any regular employee in the classified service is unable or unwilling to perform the duties of his position in a satisfactory manner or has committed any act to the prejudice of the service, or has omitted to perform any act that it was his duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. The action may extend to: (1) removal from the service, (2) retirement, (3) reduction in pay to the next lower rate in the range for the class, (4) demotion to any position of a lower class that the employee is deemed by the appointing authority and the Director to be competent to fill, (5) suspension without pay not exceeding in the aggregate one hundred twenty (120) days in any period of twelve (12) consecutive calendar months, (6) fine. (as amended February 9, 1955 & August 9, 1979.)
To afford you an opportunity to present facts in mitigation, or to explain your conduct, a hearing was held on June 10, 1981. At that hearing you offered nothing which would tend to mitigate, justify or explain the collective nature of the aforementioned violations as heretofore outlined. To continue to utilize your services in any capacity within this Department would not be in its best interests, due to the aforementioned facts and circumstances. Therefore, your past pattern of conduct dictates a need for separation from service, not only for the best interests of this Department, but in order to insure continued public confidence in the Department.
Accordingly, effective June 11, 1981 your employment with the New Orleans Police Department, City of New Orleans, is terminated. *500 You are furthermore advised you have a right of appeal; that this decision may be appealed to the Civil Service Commission for the City of New Orleans.
 Very truly yours,
 s) Henry M. Morris
 HENRY M. MORRIS
 Superintendent of Police
HMM:KRB:blc
cc: Department of City Civil Service
 NOPD Personnel Division
 NOPD Payroll Section
 NOPD Credit Union
 Major Offense Bureau
 Commander, Robbery Division
 Internal Affairs Division
NOTES
[1] The letter of June 11, 1981 is annexed in its entirety and is made an integral part of this decision. Although quite lengthy, the Court feels its contents are necessary to fully understand the reasons set forth herein.