GARRISON, Judge.
Sergeant Terrence Duffy, an officer with the New Orleans Police Department, was suspended for ten (10) days for allegedly failing to properly supervise his subordinates. The Civil Service Commission has upheld this suspension.
On the 12th of April, 1986 two New Orleans police officers were assigned to investigate the shooting of a teenage boy. The record indicates that these two officers arrived at the scene of the shooting and found a youth with a gunshot wound to the head, the weapon lying next to his body. The boy was still alive at this time. He was then taken to a hospital where he later died. The weapon was removed from the scene of the shooting.
Months after the boy’s death, his aunt lodged a complaint with the New Orleans Police Department concerning the characterization of her nephew’s death as suicide and the handling of this investigation. As a result of this complaint, a departmental investigation ensued. Sergeant Duffy, appellant, who was the platoon commander the evening of the shooting, was suspended on October 29, 1986 for 10 days as a result of this investigation. Specifically, the appellant was charged with violating Rule 4, Paragraph 4B, neglect of duty. The super-intendant concluded that he had failed to adhere to FSOP 101.0, which states as follows:
... 3. The District Platoon Commander shall supervise, monitor, and control all calls assigned to or initiated by district personnel, including emergency signals and pursuits. The District Platoon Com *870 mander is responsible for monitoring the radio on the primary dispatch channel and assuring that all assigned personnel are available for dispatch and response when authorized ...
The appellee claims, in short, that the investigation was botched due to Sergeant Duffy’s failure to properly supervise and, in doing so, he breached his duty as a platoon commander. The appellant contends that the Commission’s findings were manifestly erroneous and should be reversed.
The burden of proof lies with the acting authority to show cause for disciplinary action in a case such as this. Howard v. Department of Police, 466 So.2d 699 (La.App. 4 Cir.1985). And, the Civil Service Commission must base its findings on competent and sufficient evidence. Messer v. Department of Corrections, La. State Pen., 358 So.2d 975 (La.App. 1st Cir.1978). The record does not reflect such evidence, however. There was no evidence of departmental regulation requiring a platoon commander to report at the scene of a shooting unless the victim was dead. There would have been no such requirement in this case as the youth was alive at the time he was transported to the hospital. Further, assuming that the investigation was mishandled, which is not clear, there was no showing of how this appellant was negligent in his duties. The closest the appellee comes to approaching this subject is to state: “if Sgt. Duffy was not responsible for the action or inaction of the two (2) patrolm[e]n, who was?”
The appellee did not meet its burden of proof nor is there any evidence apparent in the record which could be deemed compe-tant and sufficient which would justify the ten day suspension accorded the appellant.
REVERSED.