GUIDRY, Judge.
Plaintiff, Patrick Dix, was terminated from employment with the Lake Charles Police Department (LCPD) effective September 14, 1984 for comments he allegedly made about Police Chief Sam Ivey and Corporal John Pape in connection with the arrest of Lake Charles Councilman Will Belton. Plaintiff appealed to the Lake Charles Municipal Fire and Police Civil Service Board (Board) who upheld the termination. Plaintiff then appealed the Board’s decision to the district court. The lower court affirmed the Board’s decision. Plaintiff appeals urging that the trial court erroneously concluded that (1) the Board’s decision was not arbitrary and capricious; (2) the efficient operation of the LCPD was in *1113 fact impaired by the alleged comments; and, (3) plaintiff was not entitled to First Amendment protection for his remarks.
After a thorough review of the record, we find no clear error in the trial judge’s evaluation of the Board’s decision and adopt his excellent reasons for judgment as our own. The trial court wrote:
“This case involves the review of an action of the Lake Charles Municipal Fire and Police Civil Service Board in upholding the termination of police officer Patrick Dix. On September 13, 1984 Cpl. Dix was terminated by letter as a police officer of the City of Lake Charles. On January 20, 1986 the City of Lake Charles Municipal Fire and Police Civil Service Board conducted a hearing pursuant to R.S. 33:2501, at the request of Cpl. Dix. As stated previously, the termination of Cpl. Dix was upheld.
This appeal arose out of the following circumstances. In the letter of termination received by Cpl. Dix, it was stated that on September 11, 1984, in the presence of three trustees incarcerated at the Calcasieu Parish Rehabilitation Center, Cpl. Dix said to his partner, police officer Doug Houston, that Dix believed that Chief Ivey had ‘set up’ Will Belton to be arrested on narcotics charges, and that Chief Ivey, thru Cpl. John Pape, had seen to it that, narcotics were ‘planted’ in Mr. Belton’s desk so that he could be arrested. The letter further stated that Cpl. Dix said that he believed that Chief Ivey ‘set up’ Mr. Belton because Mr. Belton was investigating the hiring practices of the Lake Charles Police Department.
The letter also states that on September 12, 1984, similar remarks were made to a Calcasieu Parish Deputy Sheriff. By such letter, Cpl. Dix was terminated from his position with the Lake Charles Police Department effective at 6:00 a.m., September 14, 1984.
The appropriate standard of review of Civil Service cases is to determine whether the conclusion reached by the Commission was arbitrary and capricious. Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the ‘efficient operation’ of the public service. The appointing authority must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficiency and orderly operation of the public service. As in other civil matters, deference should be given on appellate review to the factual conclusions of the Commission. Newman v. Dept. of Fire, 425 So2d 753 (La.1983).
The evidence is clear that Patrick Dix did make comments to the effect that Chief Ivey had either directly or indirectly set up the arrest of Will Belton by having drugs planted at Belton’s office. This Court is of the opinion that the Lake Charles Police Department demonstrated by a preponderance of the evidence that the conduct of Cpl. Dix did in fact impair the efficiency and orderly operation of the Department. Thus, the actions of the Lake Charles Municipal Fire and Police Civil Service Board in upholding the termination of Cpl. Dix may not be considered arbitrary and capricious.
The plaintiff claims that the record contains no evidence whatsoever of a deleterious impact on the efficient operation of the Lake Charles Police Department, and that ‘there can be no speculative impact’. Indeed, it is difficult to find objective evidence demonstrating actual impairment to the police department. Nevertheless, this Court has reached its conclusion based upon the nature of the statements made.
Statements made by a police officer which call into question the integrity of the police chief can, by their very nature, have only detrimental effects. In a department which requires loyalty and respect among its members, any question as to the integrity of the police chief, made in the form of a rumor or innuendo, only undermines the ability of the department to administer justice. In his testimony before the Municipal Fire and Police Civil Service Board, Chief Ivey testified that, based on his experience and training, the statements of Patrick *1114 Dix would impair the efficient operation of the Lake Charles Police Department. This Court agrees with such an opinion; the statements can only be interpreted in one way, and that is to impair the morale and efficiency of the police department.
The Court finds no merit to the claims of the plaintiff that his comments were protected under the First Amendment guarantee regarding freedom of speech. Therefore, the decision of the Lake Charles Municipal Fire and Police Civil Service Board is affirmed.”
Expanding on the analysis of plaintiff’s constitutional claim, we find the leading case on this issue to be Rankin v. McPherson, 483 U.S. 378, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987). In Rankin, the Supreme Court held that the determination of whether a public employer has properly discharged an employee for engaging in speech requires “a balance between the interest of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees”. Rankin, 483 U.S. at 384, 107 S.Ct. at 2896, citing Pickering v. Board of Education, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734-35, 20 L.Ed.2d 811 (1968), and Connick v. Myers, 461 U.S. 138, 140, 103 S.Ct. 1684, 1686, 75 L.Ed.2d 708 (1983). The initial inquiry is whether the employee’s comments may be “fairly characterized as constituting speech on a matter of public concern”. Rankin, 483 U.S. at 384, 107 S.Ct. at 2896-97, Connick, 461 U.S. at 146, 103 S.Ct. at 1689. This determination is made from the content, form and context of the comment, as revealed by the complete record. Rankin, 483 U.S. at 385, 107 S.Ct. at 2897, Connick, 461 U.S. at 147-8, 103 S.Ct. at 1690.
The trial court determined that the Board was not arbitrary and capricious in finding that Dix, in fact, made the offensive remarks about Chief Ivey and Cpl. Pape. We find no clear error in that conclusion. Dix’s remarks concerned the legality of an arrest of a City Council member for possession of narcotics. In conversation first with another officer and then with a Sheriffs Department employee, plaintiff alleged that the arrest was arranged by the Chief of Police and another officer because the Councilman was investigating the employment practices at the Police Department. This is clearly a matter of public concern. Since Dix’s statement addresses a matter of public concern, it is protected unless protection of his right of free speech is outweighed by the employer’s interest in “promoting the efficiency of the public services it performs through its employees”. Rankin, 483 U.S. at 387, 107 S.Ct. at 2898.
In striking the balance, the time, place and manner as well as the context of the statement are relevant. The statement was first made in conversation with Officer Houston while in a patrol unit in the presence of three inmate trustees. The statement was later repeated in conversation with a deputy at the sheriff’s office in the presence of Officer Houston. At the time these statements were made Dix was on duty as a member of the uniform patrol division of the LCPD.
The Police Department is a highly visible arm of local government. Its efficient performance depends in great measure on the smoothness and tranquility of its internal operations and the public respect and confidence which it enjoys. As noted by our learned trial brother, although the record contains no objective evidence demonstrating actual impairment of the efficiency of the department’s operations, the very nature of Dix’s statements are such as to disrupt the smoothness of the internal operations of the LCPD and shake the respect and confidence of the public in that department. In our view, the employer’s interest in this case clearly outweighed the plaintiff-employee’s constitutional right to freedom of speech.
For these reasons we affirm the judgment of the trial court at appellant’s cost.
AFFIRMED.