laWATKINS, Judge.
The only issue in this appeal is whether the Municipal Fire and Police Civil Service Board (Board) for the City of Hammond (City) wrongfully upheld the appointing authority’s decision to terminate appellant’s employment with the City’s Police Department.
Appellant A1 Tackett was employed as a jailer at the Hammond City Jail immediately prior to his firing. On the night of January 15, 1994, and the early morning of January 16, 1994, Officer Tackett was on duty with Officer Jason Johnston. As their duty shift progressed, the two officers became uncomfortably hot inside the jail because the heater’s broken thermostat would not allow the heat to shut off. Officer Johnston opened two windows, one on the north side and one on the south side of the jail, and allowed them to remain open for the entire night.
Also as the night progressed, Officer Johnston allowed some of the inmates to take showers. Someone rigged the water flow, as it was customary to do, to allow the water to run and not to turn off in the middle of the shower. There is conflicting testimony in the record as to how the shower was rigged and by whom. It is undisputed, however, that the shower remained running or at least dripping steadily until Officer Tackett turned it off at approximately 4:00 a.m.
At 6:00 a.m., when the two officers’ relief arrived, some of the inmates complained to them that the two open windows had allowed the exterior temperature of approximately 34 degrees to make their cells too cold. Furthermore, they complained that the running water in the shower had made it difficult for them to sleep. The inmates eventually filed a complaint for damages in federal court against Officers Tackett and Johnston and the City.
Police Lieutenant Kim Barker investigated the complaints of the inmates and recommended that the two officers be terminated from employment. The appointing authority acted on the ^recommendation, and the Board upheld the terminations. Officers Tackett and Johnston perfected an appeal to the Twenty-First Judicial District Court. The district court held that the Board’s action was not arbitrary or capricious and that there was sufficient evidence to support the Board’s findings of fact. Because Officer Tackett is the only appellant in the instant appeal to this court, the propriety of the disciplinary action against Officer Johnston is not before us.
 Our standard of appellate review in civil service cases is the same as other civil eases in that we must determine if the *1106 Board’s finding was manifestly wrong; we must also decide if the Board’s action was made in good faith for legal cause, or if it was arbitrary and capricious. The factual conclusions of the Board, as the trier of fact, are entitled to great weight. Dumez v. Houma Municipal Fire & Police Civil Service Board, 408 So.2d 403 (La.App. 1st Cir.1981).
However, in the instant case, there are no factual findings of the Board. At the close of the hearing, a vote of the Board members was taken, and they voted to uphold the termination. There is nothing in the record by which the trial court or this court could determine the basis for the Board’s decision. Accordingly, we have examined the record de novo to determine if the appointing authority proved legal cause for appellant’s termination.
At the hearing before the Board, Officers Tackett and Johnston testified, as well as Lieutenant Barker. No inmates were called to testify. When asked if the two officers had violated some policy of the Police Department, Lieutenant Barker answered, “Just improper treatment of prisoners and what I consider inhumane treatment of prisoners.” Lieutenant Barker admitted that the only allegations of “wrongdoing” on the part of the two officers were the open windows and the running shower water. Lieutenant Barker testified that the City has regulations about the operation of the jail that the officers were supposed |4to be familiar with, but he admitted that the regulations contained nothing specific about the windows or the shower. Whether the windows are opened or closed is within the discretion of the officers on duty. Lieutenant Barker also conceded that “rigging” the shower apparatus was customary. Nevertheless, he maintained that allowing the water to remain running became “inhumane” when there was no one left in the shower and the inmates were trying to sleep.
The two accused officers presented evidence to the Board that no complaints of a medical nature were made after the incident. There was also evidence that one of the inmates later bragged about getting Officer Tackett in trouble.
Officer Tackett testified at the hearing about the broken thermostat and the need for opening the windows. Officer Johnston testified about his fear of creating a flood in the jail if he incorrectly handled the rigged shower apparatus. He had been cautioned by his superiors not to fool with the plumbing after an incident in which the jail had flooded.
Our review of the record reveals that it is void of evidence that Officer Tackett was guilty of any wrongdoing whatsoever. Even if the actions of Officer Johnston were to be interpreted, as urged by the appointing authority, as “retaliation” when he became angry with some of the inmates, there is nothing in the record to show that Officer Tackett had such a motive. As far as Officer Tackett was concerned, his shift was a “normal” one, albeit one in which the officers contended with a malfunctioning heating system and plumbing that had to be rigged.
As a civil service employee, Officer Tackett is protected against firing without sufficient legal cause. La. Const. Art. 10, § 8(A); Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir.), writ denied, 365 So.2d 247 (La.1978). The burden of proving legal cause before the Board was on the appointing authority. See Joseph v. Department of Health, 389 So.2d 739 (La.App. 4th Cir.1980). The Board’s obligation was |5to uphold the disciplinary action of the appointing authority if sufficient cause was shown to sustain the firing. Id. However, the Board also had an obligation to reverse the disciplinary action if sufficient cause was not shown by the appointing authority. Cf. Branighan v. Department of Police, 362 So.2d at 1222. The abject lack of evidence in the instant case shows that the Board, without making any findings of fact or giving any reasons for its decision, failed to perform its duties as a reviewing board.
Termination of employment is the most severe of disciplinary actions that can be taken by the appointing authority. Reboul v. Department of Police, 420 So.2d 491 (La.App. 4th Cir.1982). The appointing authority in the instant case had the burden of proving not only the incident that led to the firing, but also that the incident resulted in a *1107 detrimental effect on the efficient operation of the department. Id. The appointing authority’s reliance on Lieutenant Barker’s “investigation,” as evidenced by his personal opinion found in his testimony and his written report entered into the record, falls far short of satisfying its burden. The weakness of the proof has fostered on appellant, a protected civil servant, an undue hardship.
Having found a complete lack of proof, we reverse the termination and order Officer Tackett be reinstated with back pay and interest thereon from the due dates of his wages. In his appeal to the Twenty-First Judicial District Court, Officer Tackett prayed for attorney’s fees pursuant to LSA-R.S. 33:2501.1. The trial court affirmed the decision of the Board, but the judgment was silent as to attorney’s fees. Because Officer Tackett appealed to this court, the district court judgment did not become final. Accordingly, we award to Officer Tackett for the pursuit of his claim to be reinstated, judgment against the appointing authority for attorney’s fees in the amount of $500.00, as allowed by LSA-R.S. 33:2501.1.
| fiThe Board is cast for all costs of this appeal, in the amount of $399.00.
REVERSED AND RENDERED.