JjPLOTKIN, Judge.
Fire captains Brian Johnson and Melvin Backes appeal the City Civil Service Commission’s affirmation of disciplinary action taken against them by the New Orleans Fire Department in connection with their dissemination of personnel records to the president of Fire Fighters Local Union # 632 in violation of § 14:10 of the Rules and Regulations of the New Orleans Fire Department. We affirm.

Facts

At the time the actions which form the basis of this appeal occurred in 1993, Captain Johnson and Captain Backes were assigned to the City of New Orleans Fire Department training facility. Captain Johnson served as Recruit Training Coordinator and was charged with the responsibility of training recruits in physical fitness and other areas, while Captain Backes served as Fire Department Physical Fitness Officer, whose primary responsibility was training in-service personnel. However, Captain Backes worked closely with Captain Johnson and assisted him with recruit training.
|2In 1993, Captain Johnson and Captain Backes became concerned about the ability of one of the fire department recruits, Kathy Wilkerson, to perform the requirements of the job. Their concerns were related to then-immediate supervisor, Captain Anthony Tur-ley, in writing on January 15, 1993, when Captain Johnson sent a letter to Captain Turley in which he noted that Wilkerson’s “evaluations reflect that she has not met the physical requirements set forth in the program.” Moreover, Captain Johnson stated his opinion “that Recruit Wilkerson not be graduated or promoted to the rank of Probationary Fire Fighter until such time a[s] she has met the minimum requirements for the job” both for her own sake and for the safety of other fire fighters who might be required to work with her. Captain Backes echoed Captain Johnson’s concerns in a January 15, 1993 memorandum in which he asked that Captain Johnson’s communication be considered “as having my signature also as it expresses my sentiments exactly.”
The record indicates that these concerns were also expressed to other supervisors, higher up in the department, though not necessarily by Captain Johnson and Captain Backes. Nevertheless, Captain Johnson and Captain Backes testified that they heard numerous rumors concerning Wilkerson — initially they heard that she had been terminated, then they heard that she was going to be “recycled” for additional training, then they heard that she was simply going to be graduated and assigned to a fire house.
After Wilkerson was in fact graduated, Captain Johnson and' Captain Backes met with William Sanchez, president of the local fire fighters union. Both Captain Johnson and Captain Backes testified that they asked Sanchez several times whether they were “in the right place.” After being assured by Sanchez that they were, Captain Johnson and Captain Backes expressed their concerns to Sanchez. To substantiate their concerns, Captain Johnson gave Sanchez two documents: (1) |sa “Fire Fighter Challenge” sheet, which showed the times for completing various physical challenges of the members of the fire fighter recruit class, and (2) a class roster showing the final grade point average of all members of Wilkerson’s class. Both documents indicated that Wilkerson’s performance was dramatically inferior to the other members of her class. Sanchez “went *128 public” with the information, causing negative publicity against the fire department.
Captain Johnson and Captain Backes were cited by the fire department for violation of the following fire department Rules and Regulations:
§ 8:05 — Enforcing Rules — The Captain shall be vigilant and active in enforcing the Rules and Regulations, requiring strict compliance therewith and promptly correcting any irregularities. No Officer shall tolerate or connive any violation or evasion of the Rules and Regulations.
§ 14:10 — GIVING INFORMATION— No confidential information relative to the business or affairs of the Fire Department shall be furnished to persons not connected therewith, except as authorized by the Superintendent of Fire.
At an Internal Affairs hearing held August 4, 1993, Captain Johnson and Captain Backes pled guilty to both charges, but claimed that they thought the union was a legitimate “bridge” between the personnel and the department. As a result of the hearing, the department imposed a 72-hour suspension on Captain Johnson and a 12-hour suspension on Captain Backes; both Captain Johnson and Captain Backes were reassigned.
Captain Johnson and Captain Backes appealed the disciplinary action to the Civil Service Commission. In dismissing the appeals, the hearing officer stated as follows in his reasons for judgment in both cases:
Appellant departed from departmental procedures in addressing his concerns about safety by going to the union with confidential information. The union does have an important role to play in safety matters — that isjjwhy the union had representatives on the Safety Committee along with the Safety Officer and the Assistant Superintendent. However, Appellant should have realized the controversial and sensitive nature of the charges he was making and been very careful to follow established department procedures, however laborious they may have seemed. He did not do so. The fact that he though he was doing the right thing does not justify overturning the ... suspension imposed by the department.
Captain Johnson and Captain Backes both appeal, making two claims: (1) the civil service commission improperly affirmed the disciplinary measures because no legal cause for the discipline was shown at the hearing, and (2) the discipline imposed was incommensurate with the alleged misconduct. The standard for appellate review of decisions of the civil service is whether the commission’s findings were arbitrary and capricious or manifestly wrong. Reboul v. Department of Police, 420 So.2d 491, 494 (La.App. 4th Cir. 1982).

Legal cause

A disciplinary action taken by an appointing authority may be modified or changed only on a finding that the appointing authority failed to show sufficient cause for the action taken. Reboul, 420 So.2d at 494. The protection of civil service employees from firing and other discipline arises from the provisions of La. Const, art. 10, § 8(A). Id. Legal cause exists “if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service.” Id., citing Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5, 9 (1962). The appointing authority bears the burden of proving that the conduct impaired the efficiency of the public service. Reboul, 420 So.2d at 494.
IsCaptain Johnson and Captain Backes claim that the record in this case fails to show that their actions impaired the efficiency of the fire department. However, as the appellants admit, Chief Herbert Patterson stated during his testimony that the defenses presented by Captain Johnson and Captain Backes were rejected because of the “impact” they had on the fire department, “because of the publicity it received.” Further, Chief Patterson stated that the confidentiality of the department was violated. Captain Johnson and Captain Backes claim however that under the applicable jurisprudence, negative publicity is insufficient cause for disciplinary actions. Id. at 495-96, Laborde v. Alexandria Municipal Fire & Police, 566 So.2d 426, 432 (La.App. 3d Cir.), writ denied, 568 So.2d 1055 (La.1990).
*129 We find the Reboul and Láborde cases distinguishable on this issue. Those cases do indicate that a showing that an individual employee of a public service has receive some bad publicity is insufficient proof in itself for disciplinary action. However, they do not address the situation arising in the instant ease, where the actions of the employees resulted in the public service receiving negative publicity.
Moreover, the more important consideration in the instant case is the fact that the appellants unquestionably violated the confidentiality of privacy information entrusted to them by the fire department and the public. That violation of confidentiality did in fact result in negative publicity, but the violation itself is, under the applicable jurisprudence, sufficient to support the disciplinary action taken against the appellants. The jurisprudence indicates that the improper disclosure of confidential information “can by [its] very nature have only detrimental effects” on the public service. Dix v. City of Lake Charles, 569 So.2d 1112, 1113 (La.App. 3d Cir.1990), writ denied, 573 So.2d 1120 (La.1991). See also Trahan v. Larivee, 365 So.2d 294, 300 (La.App. 3d Cir.1978), writ |fidenied, 366 So.2d 564 (La.1979), which addresses the importance of confidentiality of personnel performance evaluations, saying that confidentiality serves the “public interest in efficient government.”
Thus, we find that the fact that Captain Johnson and Captain Backes violated the confidentiality of the fire department coupled with the fact that the violation resulted in negative publicity is sufficient legal cause for disciplinary action because it impaired the efficiency of the fire department. This, of course, does not mean that every rule violation is sufficient to support a disciplinary action. However, the public interest places great emphasis on the protection of privacy. Personnel records, like medical records, are by their very nature highly confidential. As noted by the civil service commission hearing officer, the appellants’ concern over the safety of the fire fighters cannot be allowed to “trump” the privacy interests involved here, especially in light of the fact that the collective bargaining agreement included a proper grievance procedure which the appellants failed to follow. Accordingly, the fire department’s disciplinary actions against Captain Johnson and Captain Backes were not arbitrary and capricious.

Degree of disciplinary action

In addition to being based on legal cause, a disciplinary action must be “commensurate with the infraction.” Captain Johnson and Captain Backes claim that the actions taken against them were not commensurate with their infractions of the fire department rule and regulations. Specifically, the appellants claim that the fire department failed to consider their many years of service and their records in imposing the disciplinary actions. We disagree. Neither of the appellants lost their jobs as a result of their serious violation of the rule and regulations of the fire ^department, but were instead subjected only to suspensions and transfers. We cannot say that the disciplinary actions were arbitrary and capricious.

Conclusion

Accordingly, the disciplinary actions against Captain Johnson and Captain Backes are affirmed.

AFFIRMED.