476 So.2d 1109 (1985)
Gregory POWELL, Plaintiff-Appellant,
v.
ALEXANDRIA MUNICIPAL FIRE AND POLICE CIVIL SERVICE BOARD, Defendants-Appellees.
No. 84-690.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
Writ Denied December 13, 1985.
Daniel E. Broussard, Jr., Alexandria, for plaintiff-appellant.
B. Dexter Ryland of Garrett & Ryland, Alexandria, for defendants-appellees.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
YELVERTON, Judge.
Gregory Powell appeals his four-day suspension with loss of pay and seniority from the Alexandria Police Department. The suspension was upheld by the Alexandria Municipal Fire and Police Civil Service Board and the district court. We affirm.
Powell, a patrolman with the Alexandria Police Department, was in a wreck at the intersection of McArthur Drive and Elliot Street. He had just received a radio call summoning him to back up the primary unit responding to a disturbance about four miles from his location.
McArthur Drive is a four-lane thoroughfare with service roads paralleling it. Driving his police unit on McArthur Drive, Powell came to the Elliot Street intersection, and discovered that traffic on all lanes of McArthur Drive was stopped for a red light, filling the lanes. He had his blue lights on at that time. He pulled onto the right-hand shoulder and turned on his siren. After checking for traffic entering *1110 the intersection from the service roads and seeing none, he entered the intersection. Another vehicle was then entering the intersection from the service road, using a left-turn arrow. Powell saw this car, but because of a combination of his speed and the loose gravel on the shoulder, he was unable to stop in time to avoid a collision.
As a result of this accident, Glen Beard, the Alexandria Chief of Police, thought that disciplinary action was appropriate because Powell had failed to make sure that the intersection was clear before proceeding against the red light. Chief Beard notified Powell of his suspension by letter on August 24, 1983. The suspension was for a period of four days, without pay and loss of seniority.
Powell appealed his suspension and a hearing was held before the Alexandria Municipal Fire and Police Civil Service Board on October 5, 1983. Powell's suspension was upheld by a vote of three to two.
Powell appealed his suspension to the Ninth Judicial District Court. Judgment was rendered by that court on May 9, 1984, affirming the action of the board. The trial court found that the board acted in good faith and for cause, and that Powell's action bordered on a reckless disregard for the safety of people legally using the intersection.
Chief Beard compiled a list of regulations for the members of the police department on March 23, 1983. Powell had received and was familiar with these regulations. Section 905 of the Departmental Administrative Regulations for the Alexandria Police Department reads as follows:
"All members of the department engaged in pursuit or on an emergency call are allowed to exceed the routine patrol speed provided they retain adequate control of their vehicles and do not endanger themselves or others. Drivers shall determine that intersections are clear before proceeding against any traffic control device."
In Viator v. City of New Iberia, 428 So.2d 1329 (La.App. 3rd Cir.1983) this court addressed the standard of review in appeals from civil service disciplinary actions. There it was stated that:
"[T]he appropriate standard of appellate review is to determine whether the conclusion reached by the Board was arbitrary or capricious. Newman v. Dept. of Fire, 425 So.2d 753 (La.1983). The decision of the Board will not be disturbed if made in good faith for legal cause. Martin v. City of St. Martinville, 321 So.2d 532 (La.App. 3rd Cir.1975), writ denied, 325 So.2d 273 (La.1976); Trahan v. City of Jennings, 411 So.2d 1242 (La.App. 3rd Cir.1982); City of Houma v. Houma Municipal Fire and Police Civil Service Board, 405 So.2d 1132 (La.App. 1st Cir. 1981). Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the efficient operation of the public service. Newman v. Dept. of Fire, supra. The appointing authority must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficiency and orderly operation of the public service. Newman v. Dept. of Fire, supra; Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962); Thornton v. Dept. of Health and Human Resources, 394 So.2d 1269 (La.App. 1st Cir.1981); Rodriguez v. Board of Commissioners, Port of New Orleans, 344 So.2d 436 (La. App. 1st Cir.1977). As in other civil matters, deference should be given on appellate review to the factual conclusions reached below. Newman v. Dept. of Fire, supra; Sanders v. Dept. of Health and Human Resources, 394 So.2d 629 (La.App. 1st Cir.1980), writs denied, 399 So.2d 602 (La.1981)."
Powell complains that the action taken against him was arbitrary and capricious because other officers involved in traffic accidents had received reprimands or no disciplinary action at all. In one instance, an officer was involved in an accident which occurred when the officer entered an intersection against a flashing red light as he was responding to an attempted suicide. The officer received a letter of reprimand. Another officer was not disciplined when *1111 he locked his brakes to avoid a dog and slid into a ditch. A letter of reprimand was issued to another officer who changed lanes and failed to see a vehicle which he struck. However, the Chief of Police testified that none of these accidents occurred in heavy traffic, and that none happened when the officer went into the intersection at high speed with intersecting traffic having the right of way.
Our review of the record indicates that Powell was suspended in good faith and for legal cause. This case presents a close question, but we are constrained to agree that Powell had the duty to insure that the intersection was clear before proceeding against a red traffic signal. Powell's conduct impaired the efficient operation of the police department by preventing him from completing his assignment. A real and substantial relationship existed between Powell's act of misconduct and the efficient operation of the department.
For these reasons, the decisions of the Board and the trial court are hereby affirmed at appellant's cost.
AFFIRMED.