566 So.2d 426 (1990)
Walter LABORDE, Plaintiff-Appellant,
v.
ALEXANDRIA MUNICIPAL FIRE & POLICE CIVIL SERVICE BOARD, Defendant-Appellee.
No. 89-52.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1990.
Writ Denied November 2, 1990.
*427 Broussard, Bolton & Halcomb, Daniel Broussard, Alexandria, for plaintiff-appellant.
Martin L. Laird, Alexandria, for defendant-appellee.
Before DOMENGEAUX, C.J., and DOUCET, LABORDE, KNOLL and KING, JJ.
KING, Judge.
The issue presented for review by this appeal is whether the City of Alexandria, Louisiana and the Alexandria Police Department were correct in terminating a police officer from employment.
On February 3, 1987, Alexandria police officer Walter Laborde (hereinafter Laborde) received a letter from the Mayor and the Chief of Police of the City of Alexandria (hereinafter the City) notifying him of his termination from the police department, effective February 4, 1987. Laborde appealed the decision to terminate him to the Alexandria Municipal Fire and *428 Police Civil Service Board (hereinafter the Board) which affirmed the termination. Laborde then appealed the Board's decision to the Ninth Judicial District Court. The District Court reversed the decision of the Board and remanded the matter to the Board for further proceedings. On remand, the Board reaffirmed the decision upholding the termination and Laborde again appealed to the District Court. On the second appeal the District Court affirmed the decision of the Board which affirmed the City's action of terminating Laborde. A formal written judgment was signed. Laborde timely appeals. We reverse and render judgment.

FACTS
On January 13, 1987, Alexandria police officer Laborde was off duty from his position as a patrolman assigned to the DWI task force with the Alexandria Police Department. He went to a friend's house where they drank mixed drinks and watched movies until approximately 1:00 A.M. Thereafter, he went to the Cotton Gin Bar & Grill where he stayed until the bar closed around 2:30 A.M. After the bar closed, Laborde and John Armstrong, an employee at the Cotton Gin, got into Laborde's car to go riding around. Laborde had recently bought a turbo charged Mercury Cougar and Armstrong wanted to go riding in it because he had never ridden in a turbo charged car. They rode around Alexandria for a while and then drove to the City of Pineville, Louisiana.
Captain Gerald Russell of the Pineville Police Department was on duty that morning. Captain Russell stated that while patrolling at approximately 2:45 A.M., he heard some tires squealing. He looked into his rear view mirror and noticed a mid-sized dark colored vehicle behind him. The vehicle turned on a side street. Captain Russell proceeded to turn around and to search for the vehicle on several of the back streets in Pineville. Captain Russell stated that at that time of morning, there were no vehicles on the streets of Pineville except for his patrol unit and the vehicle he was following. When he finally located the vehicle, he stated that he got a good look at the person driving and identified Laborde as that person. Captain Russell testified that shortly after he saw the vehicle, he turned on the blue lights on his police car and pursued the Laborde vehicle. Captain Russell estimated the speed of the two vehicles at 50-70 miles per hour. Captain Russell stated that he eventually lost sight of the Laborde vehicle. He had bypassed the vehicle without noticing that Laborde had turned off, lost control of his car, and wrecked. Captain Russell turned his patrol unit around, retraced his path and discovered the wrecked Laborde vehicle on the grounds of Central Louisiana State Hospital. Captain Russell testified that the Laborde vehicle knocked over some handrails that lead to the entrance of a building, knocked over some shrubbery, and struck an air conditioning unit before coming to rest against the building.
Both Laborde and his passenger, Armstrong, testified that they never saw a police car following them that morning. Laborde admits that as he was crossing the grounds of the State hospital, he "kicked in" the turbo and was traveling at a speed of approximately 40 to 55 miles per hour when he lost control of his vehicle. After the accident, Laborde and Armstrong got out of the vehicle and within seconds noticed a Pineville patrol unit headed toward them.
When Captain Russell arrived on the scene, he discovered that Laborde was a member of the Alexandria Police Department. He notified their office of the accident and Sergeant Howard LaCaze of the Alexandria Police Department was called to the scene. Sergeant LaCaze testified that Laborde told him that he was not going to take the field sobriety or the breath test because he thought his results would be about a .13 because he had been drinking. Sergeant LaCaze stated that he warned Laborde that if he refused the tests, he would lose his drivers license for six months.
Captain Russell issued Laborde a citation for careless and reckless operation of a vehicle. Following a field sobriety test, *429 Laborde was arrested for DWI and transported to jail where a breath test was administered. Laborde's blood alcohol level registered a .14 on the breath test.
Laborde was suspended from work for a period of one week following the incident. On February 3, 1987, Laborde received a letter giving him his notice of termination.
The letter from the Mayor and the Chief of Police of the City of Alexandria notified Laborde of his termination from the police department. The letter stated that the termination was effective February 4, 1987. Laborde was accused of violating Department Rule and Regulation # 201, "Conduct Unbecoming an Officer" Rule and Regulation # 240, "Violation of Federal, State or Municipal Government Ordinances." The letter stated that his termination was predicated upon the following events:
"1) On January 13, 1987, while off-duty and in your personal vehicle, you were arrested and charged with driving while intoxicated (DWI) by the Pineville Police Department. The subsequent intoxilizer test administered to you indicated your blood alcohol level at .14 percent.
2) In addition to the above charge, on January 13, 1987, you were issued a citation by the Louisiana State Police charging you with `failure to maintain proper control of a vehicle' on the grounds of Central Louisiana State Hospital when your vehicle rammed into a building. This accident resulted in moderate property damage to one of the buildings at Central State Hospital.
3) In connection with the above citation, on January 23, 1987, you paid a fine in the amount of Twenty-five Dollars ($25.00) to the Rapides Parish Sheriff's Office for operating a vehicle with no seat belt.
4) Additionally, the Internal Affairs Investigation of this incident produced evidence that shows you believed that you were driving while intoxicated and, in fact, knew you were being pursed [sic] by the Pineville Police Department. The pursuit ended only when your vehicle became disabled in the above accident."
Laborde appealed his dismissal to the Alexandria Municipal Fire and Police Civil Service Board which affirmed his termination stating,
"We feel that Officer Laborde was picked up on January 13, '87, for DWI, he was involved in a wreck. We feel he was pursued by the officers of the Pineville Police force and should have known it. If he didn't know it he should have known it from the testimony we've heard. We feel like he acted in an unsafe manner under the influence of alcohol and as a police officer in the DWI task force we feel that this conduct was unpardonable. Because the Board feels that way we feel like the Chief acted in good faith and for cause and we uphold the appointing authority."
Laborde subsequently appealed the Board's decision to the Ninth Judicial District Court. The District Court found that there was insufficient evidence to support the Board's conclusion that Laborde "should have known" that he was being pursued by the Pineville Police Department. The Court was of the opinion that Laborde's alleged flight from apprehension was a significant reason for his termination. The Court reversed the decision of the Board, affirming the disciplinary action of termination imposed by the City, and remanded the case for the Board to administer an appropriate discipline consistent with the opinion of the court. In its ruling, the trial court stated:
"In the absence of proof of that fact [that Laborde knew he was being pursued by the police] the disciplinary action imposed by the City and affirmed by the Board must be justified by the remaining charges set forth by the City of Alexandria in it's [sic] notice of termination of employment. These were stipulated to by Officer Laborde and admitted in his testimony. According to these charges Officer Laborde, while off duty and driving his personal vehicle, was arrested and charged with driving while intoxicated by the Pineville Police Department. A subsequent intoxilizer test indicated his blood alcohol level to be .14%. In addition to the charge of DWI, he was *430 charged with failure to maintain proper control of his vehicle, resulting in a one car accident causing minor damages to property of the State at Central Louisiana State Hospital. This charge was reduced to operating a vehicle with no seat belt on which he paid a fine of $25.00 to the Rapides Parish Sheriff's Office. The DWI charge had not been disposed of at the time of the City's action on February 3, 1987.
At the time of the incident of January 13, 1987, Officer Laborde was a member of the DWI Task Force of the City of Alexandria and had been for approximately two months. Officer Laborde had served on the Alexandria Police Force for approximately four years prior to this incident and the record reveals no other disciplinary action against him while so employed."
The Board, pursuant to the District Court's instructions, acted on the remand to reconsider Laborde's termination. At a second hearing, the Board once again concluded that "based on the totality of the facts in this case we agree that the appointing authority acted in good faith and for cause in terminating Officer Laborde."
Laborde appealed the second determination of the Board to the District Court. On appeal before a different judge of the district court, the decision of the Board was affirmed. Judgment was signed affirming the decision of the Board which upheld the action of the City of Alexandria terminating the employment of Laborde. From this judgment, Laborde timely appeals to this Court. Finding no legal cause for termination, we reverse.

LAW
Laborde assigns three specifications of error which can be broken down into two arguments.
Laborde contends that the first decision of the District Court, which found no legal cause for termination and reversed the finding of the Board, became the "law of the case" and, as such, was binding on the Board and the District Court on the second appeal. Laborde argues that since that decision was not appealed, it has become final and definitive, as the "law of the case", and this Court must defer to that ruling. In other words, Laborde contends that the issue of whether or not legal cause existed for his termination has been resolved in his favor and that the only remaining issue that the Board and the District Court, on the remand and second appeal, should have considered was the extent of his punishment. Laborde argues that any subsequent affirmation of his termination by the Board and the District Court was in contravention of the District Court's first ruling.
This argument is without merit. The first ruling by the District Court was not a blanket finding of no cause for termination, as Laborde contends. Upon careful review of the Reasons for Judgment pertaining to that decision, it is clear that the Court found no legal cause to support Laborde's termination only if the termination was based on his alleged knowledge that he was being pursued by the Pineville Police Department. That allegation of misconduct, the Court found, was not supported by the record and such a finding by the Board was held to be manifestly erroneous. Without facts to support that particular allegation of misconduct, the District Court was compelled to remand the case for the Board to consider whether the remaining allegations against Laborde, which were stipulated to by all parties, were sufficient to justify Laborde's termination. The Board properly reconsidered Laborde's case and concluded that based on the "totality of the facts" of the case, Laborde's conduct warranted termination. This subsequent action of the Board and subsequent action of the District Court, affirming the Board's second decision on the second appeal to the court, were procedurally proper. Therefore, we reject Laborde's contention that the District Court's first decision found no legal cause for his termination which became the "law of the case".
Laborde next contends that the Board's second decision to uphold his termination and the District Court's affirmation of that decision on the second appeal were arbitrary *431 and capricious because his termination was not made in good faith and for cause.
The appropriate standard of appellate review in appeals from civil service disciplinary actions is to determine whether the conclusion reached by the Board was arbitrary, capricious, or characterized by abuse of discretion. Walters v. Dept. of Police of New Orleans, 454 So.2d 106 (La. 1984); Lafayette v. Fire & Police Civ. Serv. Bd., 512 So.2d 533 (La.App. 3 Cir. 1987). The decision of the Board will not be disturbed if made in good faith and for legal cause. LSA-R.S. 33:2501 E(3); Martin v. City of St. Martinville, 321 So.2d 532 (La.App. 3 Cir.1975), writ den., 325 So.2d 273 (La.1976). Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the efficient operation of the public service. The appointing authority (in this case, the City of Alexandria) must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficient and orderly operation of the public service. Newman v. Department of Fire, 425 So.2d 753 (La.1983); Powell v. Alexandria Mun. Fire & Police, 476 So.2d 1109 (La.App. 3 Cir.1985), writ den., 479 So.2d 362 (La. 1985).
Applying these legal precepts to this case, we conclude that the Board's action in upholding Laborde's termination was arbitrary, capricious and made without legal cause. The City of Alexandria failed to prove a real and substantial relationship between Laborde's conduct and the efficient and orderly operation of the police department.
At the hearing before the Board, counsel for Laborde and for the City of Alexandria stipulated to the following facts:
(1) On January 13, 1987, while off duty and in his personal vehicle, Officer Laborde was arrested and charged with driving while intoxicated by the Pineville Police Department. The subsequent intoxilizer test administered to him indicated his blood alcohol level at .14 percent;
(2) LSA-R.S. 14:98, which is the DWI statute and states in pertinent part that "the crime of operating a vehicle while intoxicated is the operating of any motor vehicle ... when ... the operator's blood alcohol concentration is 0.10 percent of more ...";
(3) On January 13, 1987, Officer Laborde was issued a citation by the Louisiana State Police charging him with failure to maintain proper control of a vehicle on the grounds of Central Louisiana State Hospital when his vehicle struck something; and
(4) The charge of failure to maintain proper control of a vehicle was amended to operating a vehicle with no seat belt to which Officer Laborde paid a $25.00 fine to the Rapides Parish Sheriff's Office.
The only allegation made by the City against Laborde that counsel did not stipulate to was that he knew he was being pursued by the Pineville Police Department and that the pursuit ended only when his vehicle became disabled. The District Court found at the time of the first appeal to it that the City failed to prove this charge and that any such finding by the Board was manifestly erroneous. We accept this finding of fact by the District Court.
Therefore, we must consider only the facts stipulated to by counsel and the facts proven at the hearing before the Board in determining whether or not legal cause existed for Laborde's termination.
When Laborde's accident and subsequent arrest occurred, Laborde was off duty and driving his own personal vehicle. He was not on patrol as a member of the Alexandria Police Department DWI Task Force.
When asked why he recommended that Laborde be terminated from employment, Chief of Police Glen Beard responded:
"I just felt like it was conduct unbecoming an officer and I just felt like I didn't want people like that representing the police department, and I feel like I have a responsibility to the police department and it was my judgment to recommend that to the Mayor."
*432 The City produced no evidence whatsoever which tended to prove that Laborde's conduct was detrimental to the efficient operation of the police department or violated any rules or regulations concerning off duty conduct of a police officer. Laborde's case is readily distinguishable from other cases where the conduct of the civil service employee was found to have a detrimental effect on the operation of the public service.
In Newman v. Department of Fire, supra, a fireman received a 60 day suspension without pay and was demoted after leaving his post for an hour and forty-five minutes, during which time his unit was required to respond to an alarm. The court found that the fireman's actions in leaving the station, which was in violation of departmental policy, reduced dangerously the manpower level and efficiency of his unit. The court affirmed his suspension and stated that his "dereliction substantially impaired the efficient and orderly operation of the fire department." Id. at 756.
Similarly, in McIntosh v. Monroe Mun. Fire, Etc., 389 So.2d 410 (La.App. 2 Cir. 1980), a fireman was discharged because he had been arrested three times and convicted twice in 28 months for the offense of DWI. Although the fireman in this case, unlike the fireman in Newman, supra, was off duty, he was required to be on call at all times when he was off duty. The court affirmed the dismissal stating that "obviously there is a real and substantial relationship between the rule prohibiting intoxication of an off-duty, on-call fireman and the public service offered by the fire department... The on-call requirement is patently necessary in the case of emergencies and catastrophies, and a fire department should be able to expect its firemen to maintain themselves in a reasonable state of readiness and efficiency even though off duty." Id. at 413.
In Powell v. Alexandria Mun. Fire & Police, supra, a police officer was suspended for four days after being involved in a traffic accident. Prior to the accident, he received a radio call summoning him to back up the primary unit responding to a disturbance about four miles from his location. The court found legal cause for the police officer's suspension noting that his conduct, failing to insure that the intersection was clear before proceeding through a red light, impaired the efficient operation of the department by preventing him from completing his assignment. Id. at 1111.
In this case, Laborde was off duty and was not on call when his accident occurred. There is no evidence in the record from which we can conclude that his actions impaired the operation of the Alexandria Police Department or violated any policies or rules or regulations of the Alexandria Police Department concerning an off duty policeman.
Although Laborde's arrest may have inspired news articles and caused some embarrassment to the police department, we agree with our brethren of the Fourth Circuit Court of Appeal when they stated:
"Complaints, publicity and gossip in themselves do not constitute legal cause for discharge. Notoriety is something a police officer, or any public employee, or official for that matter cannot control. There must be more shown than mere notoriety, for that in itself proves nothing." Reboul v. Department of Police, 420 So.2d 491, at page 495 (La.App. 4 Cir.1982).
Laborde stated that his arrest for DWI has "profoundly affected him" but that if he was allowed to return to work for the police department he would carry out his responsibilities as a police officer as he has always done, and to the best of his ability. He further stated that the fact that he was charged with DWI would not affect his judgment in any way. The City produced no evidence to the contrary.
In order for the City of Alexandria to prove that it had legal cause to terminate Laborde, it must not only prove his misconduct, but also that this misconduct resulted in a detrimental effect on the efficient and orderly operation of the police department. The City has failed to prove how Laborde's accident and his arrest for DWI while off duty have affected the efficient and orderly *433 operation of the Alexandria Police Department.
Dismissal is the most severe of disciplinary actions that can be taken by an appointing authority. While Laborde's off duty conduct may not have been the most prudent for an off duty police officer, this conduct alone does not justify his termination from employment. In view of the City's failure to prove that Laborde was terminated in good faith and for legal cause, we reverse the decision of the District Court affirming the decision of the Board which upheld his termination.
All costs of the trial and appellate courts are to be paid by the defendant-appellee.
REVERSED AND RENDERED.
KNOLL, J., dissents and assigns written reasons.
DOMENGEAUX, C.J., dissents for reasons assigned by KNOLL, J.
KNOLL, Judge, dissenting.
For the following reasons, I respectfully dissent.
In Tweedel v. Fire Protection Dist. No. 1, 546 So.2d 654 (La.App. 3rd Cir.1989), we succinctly stated the law relative to a district court's review for an appeal from a decision of a Civil Service Board. At page 655, we stated:
"The standard of review by the district court for an appeal from a decision of a Civil Service Board is a determination of whether the decision of the appointing authority or the Board was made in good faith and for cause. `In good faith' has been interpreted to mean the opposite of arbitrary or capricious action or action that stems from prejudice or political expediency on the part of the appointing authority. `Cause' means legal cause and the evidence must show that the dismissal was necessary for the discipline and efficiency of the service or that it was needed to avoid some detriment to that department or to the city."
Moreover, LSA-R.S. 33:2560(3) specifically provides that the appointing authority may remove any employee from the service or take such disciplinary action as the circumstances warrant for "[t]he commission or omission of any act to the prejudice of the departmental service or contrary to the public interest or policy."
In the case sub judice, I find that the City of Alexandria proved by a preponderance of the evidence that Laborde's conduct prejudiced the departmental service, and impaired the efficient and orderly operation of the police department. I further find that the decision of the appointing authority, the City of Alexandria, and the Alexandria Municipal Fire & Police Civil Service Board (hereafter Board) was made in good faith and for cause. It is clear from the record that the Chief of Police did not recommend Laborde's termination until an internal investigation was completed, and after consideration of the investigative report.
Although Laborde's termination may be considered harsh, by the same token, the offenses he committed were dangerous to others as well as to himself. In my view, Laborde's conduct in connection with his DWI offense, i.e., his intoxication, his careless and reckless operation of the vehicle, his seat belt violation, and the subsequent accident, merited termination especially since he was on the DWI Task Force. A single severe incident has been found to constitute legal cause for dismissal of a tenured employee. See Ryder v. Department of Health and Human Resources, 400 So.2d 1123 (La.App. 1st Cir.1981), and cases cited at 1126.
The majority opinion stresses that Laborde was off duty and was not on call when his accident occurred. Although factually correct, I find the majority's reliance upon these factors irrelevant to the proper adjudication of this matter. I also disagree with the majority's suggestion that police notoriety was the basis for the Board's actions, and thus I find the majority's reference to Reboul v. Department of Police, 420 So.2d 491 (La.App. 4th Cir.1982), irrelevant.
In conclusion, I find that Laborde's speeding through Pineville while in an intoxicated condition and causing property *434 damage, prejudiced the departmental service, particularly since Laborde was a member of the DWI Task Force for the City of Alexandria. Laborde's employment focused on the removal of drunk drivers from the public streets; his conduct, albeit off duty, was in direct contravention of the task he was assigned to perform and violated the laws he had sworn to enforce. It can not be gainsaid that the public's perception of the City of Alexandria's commitment to the enforcement of DWI laws would have been severely undermined had it not dismissed Laborde from service as a policeman. Therefore, I find that the City of Alexandria and the Board acted in good faith and for legal cause in its dismissal of Laborde.