^ELIZABETH A. PICKETT, Judge.

FACTS

Donna Travis worked as a firefighter for the DeRidder Fire Department beginning in November 1995. She is certified as an Emergency Medical Technician-Basic. On August 30, 1999, she was terminated by the Mayor of DeRidder at the request of the Fire Chief of DeRidder. In the termination letter dated August 30, 1999, the reasons for her dismissal were as follows:
1. Infraction of City of DeRidder Standard Policies and Procedures — -Figure 12, item # 5 Falsifying City Records.
2. Impersonation of an Emergency Medical Technician Paramedic. R.S. 40:1232.9 # 4 and 40:1236.
3. Conduct prejudicial to the best interest of the city or the general public. R.S. 33:2560, Page 29, #3, #5, # 15.
These charges arose from the fact that Ms. Travis had held herself out to be an Emergency Medical Technician-Paramedic. She signed forms with the abbreviation “EMTP” or “EMT-Paramedic” following her name. She wore decals on her helmet which indicated that she was a paramedic. The record reflects she told eight individuals that she was a paramedic.
In fact, Ms. Travis had completed the necessary hours to qualify to take the test to become a certified paramedic, but had never passed the test. She had failed the test six times.
The fire chief had believed Ms. Travis to be a paramedic based on the representations she had made. He asked her for proof of her certification which was required to exempt her from a mandatory first-aid class. When she could only produce proof she was an EMT Basic, he investigated her qualifications and ultimately recommended she be terminated. Ms. Travis had been suspended just three 1 ¿months earlier for improperly billing to the city the costs of the helmet decals and then delaying reimbursement as required. Following the chiefs recommendation, Ms. Travis’ employment was terminated by the mayor.
Ms. Travis appealed her dismissal to the DeRidder Municipal Fire and Police Civil Service Board (the Board) pursuant to the civil service statutes. She argued at the hearing that the chief had a personal vendetta against her and this was the real reason for her termination. The Board unanimously found the mayor acted in good faith. All but one member found just cause for Ms. Travis’ termination. That member thought termination too harsh a penalty.
Ms. Travis appealed the Board’s decision to the Thirty-Sixth Judicial District Court for the Parish of Beauregard. The court found “no manifest error in the Board’s findings nor any arbitrary or capricious abuse of discretion in it’s conclusions.” The court affirmed the decision of the Board. From that ruling Ms. Travis appeals.

DISCUSSION

Ms. Travis sets forth four assignments of error as follows:
1. The appointing authority was not in good faith in taking the disciplinary action.
2. The action taken was arbitrary, capricious and an abuse of discretion.
3. The appointing authority did not establish the offense complained of im *447 paired the efficient operation of the governmental entity.
4. Alternatively, the punishment imposed, i.e., termination, was not commensurate with the offense.
This is an appeal from a decision of a municipal fire and police civil service board. Judicial review in such cases is limited to determining whether a conclusion reached by the municipal fire and police civil service board was arbitrary, capricious, |sor characterized by abuse of its discretion. Laborde v. Alexandria Mun. Fire & Police Civil Serv. Bd., 566 So.2d 426 (La.App. 3 Cir.), writ denied, 568 So.2d 1055 (La.1990). Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the “efficient operation” of the public service. The appealing authority must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficiency and orderly operation of the public service. As in other civil matters, deference should be given on appellate review to the factual conclusions of the Commission. Newman v. Department of Fire, 425 So.2d 753 (La.1983).
A lengthy hearing was held and numerous witnesses testified regarding the allegations made against the appellant. The board obviously believed the testimony which clearly established that the appellant lied when she told people she was a paramedic and that she falsified public records by representing in her signature that she was a paramedic. In fact, the appellant does not seriously contest these findings of fact. The appellant focuses her argument on the effect her lies had on the efficient operation of the department. She maintains termination was too severe a penalty for what she characterized as a minor error in judgment which did nothing to jeopardize the department. She maintains her employment-was terminated because the fire chief had a vendetta against her and wanted her out of his department because she was female.
The vendetta argument has twice been rejected, by the unanimous vote of the Board, and by the district court in review. Determination of this issue clearly must be based on credibility determinations that are soundly within the province of the Board and subject to manifest error review. The conclusion reached by the Board, |4wherein they rejected the vendetta argument, is clearly supported by the record and, thus, cannot be properly overturned by this court. A review of the record in its entirety shows no evidence whatsoever that the appellant was discriminated against because she is female.
Before us is a situation where an employee falsified her credentials in relation to her employment and her capability to perform certain tasks in the course of her job duties. The Board reached the conclusion that this intentional misrepresentation affected the efficient operation of the department. The district court reviewed this matter and, in very well-written Reasons For Judgment, found no manifest error in the Board’s ruling and further found the Board had not acted in an arbitrary or capricious manner.
We agree with those conclusions. The ruling of the Board is clearly supported by the evidence. The disciplinary action against the appellant was proper as the Board’s actions were not arbitrary or capricious. Accordingly, the judgment is affirmed.
AFFIRMED.
WOODARD, J., concurs in the results.